UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| LINDA S. PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 06-69-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | **MEMORANDUM OPINION** |
| of Social Security,[1] | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This action constitutes Plaintiff Linda S. Perry's ("Perry") third attempt to obtain disability benefits. Although represented by counsel during the administrative hearing before the Administrative Law Judge ("ALJ"), the Plaintiff asserts that during her most recent administrative proceeding, the ALJ failed to adequately develop the facts relevant to her claim. Commissioner of Social Security Michael J. Astrue ("the Commissioner") takes issue with this contention and asserts that substantial evidence supports the finding that the Plaintiff is not entitled to Supplemental Security Income Payments ("SSI").

The matter is currently pending on cross-motions for summary judgment. [Record Nos. 13 and 14] . For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Perry.

---

[1]     The Court takes judicial notice of the fact that, on February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Accordingly, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he is substituted for the prior, acting Commissioner.

## I.       BACKGROUND

Perry filed her first application for SSI benefits nearly thirteen years ago (July 11, 1994).

Following remand from the Appeals Council, an ALJ rendered a decision unfavorable to Perry.

[See Administrative Transcript ("Tr.") at pp. 15, 33.] On August 11, 2000, Judge G. Wix

Unthank of this Court affirmed the Commissioner's decision. [Tr. at 33] Before entry of Judge

Unthank's August 2000, decision, Perry filed a second application for SSI benefits (July 7,

1999). [Tr. at 15] However, on December 20, 2000, ALJ Peter Davenport determined that Perry

had not been under a disability as defined by the Social Security Act at any time through the date

of his decision. [Tr. at 33-43] Perry did not contest ALJ Davenport's determination after the

Appeals Council denied her request for review.

Perry filed the current request for SSI benefits on December 23, 2003.  After this claim

was denied, Perry again requested a hearing before an ALJ.  Two hearings were held.  During

each hearing, Perry was represented by attorney Jessie Cornett.  The first hearing was held on

July 13, 2005, and consisted of brief testimony by Perry.  Although ALJ Charles Arnold did not

ask any questions during the first hearing, attorney Cornett briefly questioned Perry concerning

her age, physical attributes, education, daily activities, current medications, physical restrictions,

and alleged disabling conditions. [Tr. at 215-219]

The ALJ scheduled a second hearing for September 27, 2005, for the primary purpose of

obtaining the testimony of a vocational expert.  However, at the outset of the hearing, the ALJ

offered Perry and her attorney the opportunity to present additional testimony.  He indicated:

> ALJ:    This is our second hearing in the case of Linda Perry.  Our first hearing
> [was] in July, according to my notes, and subsequent to that hearing, it became

clear that vocational expert witness testimony would be necessary before final disposition to be made in Ms. Perry's case. And so it's for that reason that we're back here today. However, that doesn't mean that Ms. Perry cannot testify today. Certainly she can. Possibly if something's happened since the last hearing or maybe there's some area that she wants to explore in more detail. This, this hearing today should be just considered a continuation fo the prior hearing, the same as if we had simply recessed and are now reconvened. So in that regard, Ms. Cornett, do you wish to, does Ms. Perry wish to testify today or just stand on the testimony she offered at the prior hearing?

ATTY:     What do you prefer?

CLMT:     Just the one I had before.

ATTY:     Just stand on the testimony as it was before, she said.

[Tr. at 207]

After Perry and her attorney declined to present additional testimony, the ALJ questioned Vocational Expert Ralph Crystal (the "VE") concerning Perry's abilities in light of the limitations recognized by the ALJ. The VE gave the following answer to the ALJ's hypothetical question:

. . . we have an individual, hypothetical individual and we are approaching advanced age category with a seventh grade or limited education. With this hypothetical, Judge, I would look for, one job would be simple cleaning custodial jobs, I look for jobs that would be cleaning, custodial, within the parameters of the criteria that I said, would at least be cleaning of offices and cleaning jobs, well cleaning of areas that are, are relatively clean air environment. These would not, in my judgment, require repetitive manipulation activities as that's precluded in the hypothetical. And these would comply with the other factors, in my judgment, contained in this, in the hypothetical. The incidents of such work in the central and southeast region of Kentucky [INAUDIBLE] clean, custodial work activity, the incidents confined with the, all the factors in the hypothetical, be approximately 2,100 [INAUDIBLE] workers, Kentucky approximately 17,300, and 1,625,000 nationwide. In a second job area machine feeding [INAUDIBLE] activities that are not [INAUDIBLE] machinery and not hazardous or dangerous equipment or machinery. And, again, at the medium only exertional level, the incidents of such work, in my, my estimation, would be approximately 350 at the

-3-

region, and in the Commonwealth of Kentucky approximately 2,900, and in the national economy approximately 375,000 such jobs.   Those would be two examples of jobs that I believe at the medium only exertional level that comply with the factors in the hypothetical.

[Tr. at 210]

Perry's attorney then asked several follow-up questions concerning additional limitations that were not included in the ALJ's earlier hypothetical.  These additional limitations included more severe restrictions related to carpal tunnel syndrome, tendonitis, arthritis and diabetes.  In response, the VE concluded that, if these additional limitations prevented the hypothetical claimant from using her hands and fingers for even non-repetitive activities, and the severity of her pain made it difficult to complete a normal eight hour work day or 40 hour work week, the jobs he identified would be precluded. [Tr. at 211-212] Thus, following these hearings, the ALJ's ultimate determination focused on the severity of the limitations claimed by Perry and the accompanying medical evidence pertaining to her claims.

On November 9, 2005, ALJ Arnold issued his decision, concluding that Perry was not disabled under Sections 1602 and 1614(a)(3)(A) of the Social Security Act. [Tr. at 15-22]  ALJ Arnold's decision was based on his evaluation of the evidence presented, including the prior findings made in connection with Perry's earlier disability determinations.  In relevant part, ALJ Arnold noted that:

The 6th Circuit case of Drummond v. Commissioner of Social Security, 126 F.3d 837 (6th Cir. 1997) requires that the Administrative Law Judge in the instant application give consideration to the prior Administrative Law Judge's decision in which the final decision by the Administrative Law Judge on a prior disability claim contains a finding of a claimant's residual functional capacity.   The undersigned, as adjudicator of this subsequent claim, cannot reexamine or redetermine the finding of a claimant's residual functional capacity or other issues

-4-

> previously determined in the absence of new or additional material evidence or changed circumstances. In the prior decision dated December 20, 2000, (Exhibit C-1A) Administrative Law Judge Peter Davenport adopted the opinion of Dr. Ali that the claimant "probably" had borderline intellectual functioning. (Exhibit B-12) The prior decision also indicates that the claimant was treated at Comprehensive Care and was diagnosed with depression. (Exhibit B-1)

[Tr. at 17-18]

The ALJ then discussed the limitations imposed by Perry's psoriasis, depression, borderline intellectual functioning, diabetes and status post carpal tunnel release. While he found these impairments "severe," they were not of such severity (singly or in combination) to meet or equal one of the impairments listed in Appendix 1 of the regulations. Next, the ALJ considered all medical evidence, claims of pain, and other symptoms in determining that Perry retained the residual functional capacity to perform work which exists in significant numbers in the national economy. [Tr. at 18-21]

Perry asked the Appeal Council to review ALJ Arnold's decision. However, that request was denied on February 23, 2006. [Tr. at 6-8] This civil action followed.

## II.    LEGAL STANDARD

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 416.920(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months,

which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. § 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (*quoting Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the

record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Servs.*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Servs.*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Servs.*, 818 F.2d 461, 464 (6th Cir. 1987).

**III.   DISCUSSION**

After retaining new counsel, Perry asserts that, because her prior attorney's questioning was inadequate, the ALJ erred by failing to fully develop the record concerning whether any of her conditions had changed since the previous administrative decision denying her SSI benefits.

-7-

Citing *Thorne v. California*, 607 F.2d 218 (8th Cir. 1981), and *Driggins v. Harris*, 657 F.2d 187 (8th Cir. 1981), she argues that an ALJ has a duty to develop a full and fair record even when the Plaintiff is represented by counsel. [Record No. 13]

The Commissioner asserts that ALJ Arnold acted properly in assessing Perry's impairments and in concluding that substantial evidence supports the decision that Perry is not disabled as defined by the Social Security Act.  He contends that the administrative record reflects no significant change in Perry's physical or mental condition since the December 20, 2000 decision.

### A.    The ALJ's Alleged Failure to Develop the Record

Having reviewed the administrative record, the Court must respectfully disagree with Perry's assertion that ALJ Arnold failed to sufficiently develop the record of this proceeding. While the ALJ did not question Perry during the first administrative hearing held July 13, 2005, it is clear from his discussion of the evidence that he fully considered her claims that her condition (previously found to ve non-disabling) had worsened.  Further, he provided Perry with a second opportunity to offer testimony during the second hearing in which evidence from the VE was taken.  However, both she and her attorney chose to rely upon the earlier statements which were elicited by counsel on July 13, 2005.[2]

It is also clear that Perry's counsel asked relevant questions of the VE during the September 27, 2005, hearing.  These questions focused upon Perry's claim that, due to pain and other limitations related to tendonitis, arthritis and carpal tunnel syndrome, she could not

---

[2]    It is noteworthy that Perry's current attorney has not indicated what additional evidence or testimony would have been elicited by the ALJ during either of the administrative hearings.

-8-

perform the jobs identified by the VE.  However, as discussed more fully below, the ALJ did not

find that the medical evidence supported the severity of the claims made by Perry.  Accordingly,

the Court rejects Perry's argument that the ALJ failed to fully develop the administrative record.

### B.    Substantial Evidence

The Commissioner has also moved the Court for entry of summary judgment, asserting

that substantial evidence supports the decision of the ALJ that Perry retains the residual

functional capacity to perform work that exists in significant numbers in the national economy.

[Record No. 14]  In reaching this determination, the ALJ reviewed and fully considered all of

the medical and other evidence submitted by Perry. [Tr. at 16-21] This included the reports from

treating physician Grady Stumbo (Tr. at 17; Exhibit C-1F) as well as the treatment records from

the Little Flower Free Clinic (Tr. at 17; Exhibit C-6F and C9F) pertaining to Perry's diabetes,

psoriasis, depression, subjective complaints and other conditions.  Further, the ALJ considered

the consultative examinations performed by Dr. Robert Eardley (concluding, in part, that Perry

had a depressive disorder, but would be able to make personal and social adjustments) and Dr.

Mark V. Burns (concluding that Perry had the ability to perform activities involving sitting,

standing, moving, lifting, carrying, handling objects, hearing, seeing, speaking, and traveling).

In finding that Perry retained the residual functional capacity to perform a restricted range

of medium work, ALJ Arnold considered her subjective complaints of pain in light of the

available objective evidence supporting such claims. [Tr. at 18-19] After considering all of this

evidence, the ALJ concluded that,

> the claimant has a medical condition which has required medical treatment.  The
> record, however, does not support the claimant's testimony regarding the intensity

and persistence of her symptoms, which she alleges are disabling.  At her hearing, the claimant testified that she lives with her son and 2 year old grandson.  She has custody of her grandson.  She quit school in the 7th grade because she felt like she was being made fun of because of her psoriasis.  She has never worked and could not work now because of nerve problems and arthritis.  Her hands hurt and get numb, and her back and hips hurt in the lower part of her back.  She could sit for about 30 minutes and walk about 30 feet.  However, the claimant is able to maintain an active lifestyle.  On a typical day, she gets up, fixes breakfast, watches television, and takes care of her grandson.  She is able to do her housework and drive short distances.  She goes shopping at Wal-Mart and Save-a-Lot.  She also listens to the radio, reads, and visits with friends and family members.

[Tr. at 19]  And after reviewing the medical records and evidence supporting her claimed limitations, the ALJ found that, "[a]lthough the claimant has some restrictions, there is no documentary evidence to suggest that any treating or examining source has ever imposed any mental or physical limitations that would prohibit her from performing all basic work activities." [Tr. at 19]

In summary, the medical evidence and testimony presented supports ALJ Arnold's conclusion that Perry retains the ability to perform a restricted range of medium work in the national economy.  Further, the ALJ was fully justified in weighing the evidence in concluding that Perry's limitations were not as severe as she represented.

## IV.   CONCLUSION

The Commissioner's decision to deny SSI benefits to Linda Perry is supported by substantial evidence.  Further, the ALJ did not err by failing to fully develop the record below. Accordingly, it is hereby

**ORDERED** as follows:

-10-

1.      Plaintiff Linda Perry's motion for summary judgment [Record No. 13] is **DENIED**;

2.      Defendant Commissioner Michael J. Astrue's motion for summary judgment [Record No. 14] is **GRANTED**;

3.      The final decision of the Commissioner denying Supplemental Security Income payments to Plaintiff Perry is **AFFIRMED**.  A separate Judgment will be entered this date in favor of the Commissioner.

4.      All issues having been resolved, this matter is **DISMISSED** from the Court's docket.

This 6th day of July, 2007.



Signed By:
*Danny C. Reeves*  DCR
**United States District Judge**

-11-